IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL LOPEZ,

    Plaintiff,

v.                                                                                 No. 22-cv-00975-WJ-LF

COUNTY BOARD OF COMMISSIONERS
OF BERNALILLO COUNTY,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Plaintiff Daniel Lopez's Motion for Appointment of Counsel, filed January 25, 2023. (Doc. 5) (the "Motion"). Plaintiff is incarcerated in the Bernalillo County Metropolitan Detention Center. He is proceeding *pro se* and *in forma pauperis*. In the Motion, he seeks the appointment of counsel to assist him in pursuing his civil rights claims under 42 U.S.C. § 1983. Having reviewed the docket, the relevant law, the Court concludes that the Motion should be denied.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820, F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *Rachel*, 820 F.3d at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness[.]" *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Plaintiff's Amended complaint (Doc. 2), which is pending review pursuant to 28 U.S.C. § 1915A, does not appear particularly complex and reveals that Plaintiff is sufficiently capable of representing his interests in this matter. The factors Plaintiff identifies in support of the Motion—his lack of legal experience, limited access to legal materials, and inability to afford counsel—are not unusual in the context of prisoner civil rights litigation and do not make this an "extreme" case that would justify the Court requesting counsel to take this case pro bono. Plaintiff has not demonstrated an inability to prosecute the action such that the lack of counsel would result in fundamental unfairness. The Court will therefore deny the Motion.

IT IS THEREFORE ORDERED that the Motion for Appointment of Counsel (Doc. 5) is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE