IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL LOPEZ,

    Plaintiff,

v.                                                                         No. 22-cv-00975-WJ-LF

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY BERNALILLO COUNTY,
CITY OF ALBUQUERQUE, BERNALILLO
COUNTY METROPOLITANDETENTION
CENTER, LISA MORTON, FKU SAPIEN,
ISAAC MINASES, GARY TRUJILLO, JR.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Daniel Lopez's Amended Prisoner Complaint for Violation of Civil Rights, filed January 25, 2023. (Doc. 2) (the "Complaint"). Plaintiff is a pretrial detainee at the Bernalillo County Metropolitan Detention Center (MDC). (Doc. 2 at 7). He is proceeding *pro se* and, in an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3), he seeks to proceed *in forma pauperis*. (The "IFP Motion"). Plaintiff claims that the conditions of confinement at MDC violate his rights guaranteed by the First and Eighth Amendments to the United States Constitution. (Doc. 2 at 5). Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff will, however, be given an opportunity to file a second amended complaint. The Court will grant the IFP Motion.

I.     Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts taken from the allegations in the Complaint are true.

Plaintiff alleges that from mid-July 2022 and continuing through December 30, 2022, when he drafted the Amended Complaint, understaffing at MDC caused him to be locked down in his cell for 72 to 116 hours at a time. (Doc. 2 at 8). During these lockdowns, Plaintiff cannot shower, use the phone, access legal materials, a kiosk, the dayroom, engage in recreation, or be among the general inmate population. (Doc. 2 at 8). Staff shortages also allegedly put his personal safety at risk because MDC staff is not checking on inmates' safety and welfare. (Id.). He alleges that these conditions have caused him severe mental and emotional distress, PTSD flashbacks, anxiety, depression, suicidal thinking, and dissociative mental states and behavior changes. (Id.). He also alleges that Defendants have not provided him with requested "grievance responses material."[1]

Plaintiff claims that these conditions have led to deprivations of his first Amendment right to free exercise of his religion and his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 2 at 6). As to the latter claim, Plaintiff includes a reference to a medical contractor, though it is not clear from the complaint that a medical contractor is among the defendants or what conduct is attributed to the contractor. Plaintiff sues the City of Albuquerque and the Bernalillo County Board of Commissioners. (Doc. 2 at 4).  He sues the Chief of MDC and Gary Trujillo Jr. (E-Unit Captain for MDC) in their individual and official capacities. It appears, but it is not clear, that Plaintiff sues Lisa Morton (MDC law librarian), FKU Sapien (assistant chief of MDC), and Isaac Minases (MDC chaplain) in their individual capacities. (Doc. 2 at 2). He seeks

---

[1] If Plaintiff chooses to file a second amended complaint, he should clarify this allegation as it is unclear whether he alleges he was denied access to the grievance process, a response to a grievance, materials requested in a grievance, or something else.

$5 million in damages, half of which he wishes to designate to the resolution of MDC's staffing issues. (Doc. 2 at 8).

II.     Analysis.

    A.     Standard of Review.

As Plaintiff is proceeding *pro se* in this civil action against governmental entities and officials, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is pro se, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of [his] advocate[.]" *Id.*

    B.     Pleading Standards Governing a § 1983 Claim.

3

42 U.S.C. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Additionally, a plaintiff must make it clear in his complaint "exactly *who* is alleged to have done what to *whom*, to provide each individual [defendant] with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against" defendants, generally. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

C. The Complaint Does Not State a Viable § 1983 Claim Against any Defendant.

1. Claims Against Bernalillo County.

A county may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). For § 1983 municipal-liability purposes "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision" are considered an "official policy or custom." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). But municipal liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Therefore, to state a claim against a county, a plaintiff must allege facts showing that an official policy is the moving force behind the injury alleged. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). This requires the plaintiff to show "(1) a causal relationship between the policy or custom and the [alleged violation of a Constitutional right] and (2) deliberate indifference." *Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019). The "deliberate indifference" standard may be satisfied by showing that "a municipal actor disregarded a known or obvious consequence of" the attending custom or policy. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff has neither alleged the existence of an unconstitutional official policy or custom nor demonstrated a causal connection between such policy or custom and the alleged deprivations. The § 1983 claims against the County must therefore be dismissed.

    2.    <u>Claims Against the City Albuquerque.</u>

It is not clear what Plaintiff's claims might be against City of Albuquerque, as there are no factual allegations to that effect. The absence of such allegations warrants dismissal of Plaintiff's claims against this defendant. *Robbins*, 519 F.3d at 1250. If Plaintiff chooses to amend his complaint and chooses to include the City of Albuquerque as a defendant, the legal framework established in *Monell*, and discussed in the previous section, apply as well to claims against a city.

    3.    <u>Claims against MDC</u>.

Plaintiff's claims against MDC must be dismissed with prejudice because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). In the § 1983 context, "suing a detention facility is the equivalent of attempting to sue a building." *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commr's*, 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017). The Bernalillo County Board of

Commissioners—a named defendant in this action—is the proper defendant for any claims against the facility. *See Mayfield v. Pres Hosp. Admin.*, No. CV 17-00398 JCH/KRS, 2021 WL 3772214, at *3 (D.N.M. Aug. 25, 2021) ("MDC is an agency of Bernalillo County, not a municipal agency[.]"); NMSA 1978 § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,").

4. <u>Claims Against Lisa Morton, FKU Sapien, Isaac Minases, and Gary Trujillo, Jr.</u>

Though named as defendants, there is nothing in the Complaint identifying what defendants Lisa Morton, FKU Sapien, Isaac Minases, or Gary Trujillo, Jr. allegedly did in violation of Plaintiff's constitutional rights. *Robbins*, 519 F.3d at 1250 (requiring a plaintiff to identify "exactly *who* is alleged to have done what to *whom*"). Alleging, as Plaintiff vaguely does in the Complaint, that "defendants" conduct was unconstitutional without specifying what wrongful conduct is attributable to an individual defendant, does not satisfy this standard. *Id.* The claims against the individual defendants shall therefore be dismissed.

5. <u>Additionally/in the Alternative Plaintiff's Claims Fail on Substantive Grounds.</u>

a. <u>First Amendment Claims.</u>

Subject to reasonable limitations, inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To state a free exercise claim against a municipality, a prisoner-plaintiff must show that a prison policy or custom "substantially burdened ... [his] sincerely-held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007).[2] If the

---

[2] If Plaintiff's free exercise claims are against a prison official, individually, he should show how that individual's conduct impacted his sincerely held religious beliefs.

6

plaintiff shows that his "beliefs are religious in nature" and that the beliefs are "sincerely held," and that the defendant substantially interfered with them, the burden will shift to the defendant to show that a legitimate penological interest justified the custom or policy. *Kay*, 500 F.3d at 1218–19. Plaintiff has included no allegations regarding his religious beliefs or whether and how they have been infringed.

    b. <u>Eighth Amendment Claims</u>.

The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Although pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription on cruel and unusual punishment, the standards governing claims of cruel and unusual punishment are the same in either context. *Van Curen v. McClain Cnty. Bd. of Cnty. Comm'rs*, 4 F. App'x 554, 556 (10th Cir. 2001).

To prove that prison conditions amount to cruel and unusual punishment, the plaintiff must prove, among other things, that the condition complained of is, "objectively, sufficiently serious" that it "results in the denial of the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Additionally, the plaintiff must satisfy a subjective component. In the municipal liability context, the subjective component is satisfied by showing the municipality had actual or constructive notice that its action or inaction would almost certainly result in a constitutional violation, and it consciously disregarded the risk of harm. *Layton v. Bd. of Cnty. Comm'rs of Oklahoma Cnty.*, 512 F. App'x 861, 871 (10th Cir. 2013). For individual

liability, a plaintiff may satisfy the subjective component by showing that a state actor knew about, but disregarded, a substantial risk of harm.

Here, the Court will assume without deciding that the alleged conditions—*i.e.*, extended periods of lockdown and safety concerns stemming from understaffing—satisfy the objective component of an Eighth Amendment claim. *See, e.g.*, *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir. 1999) ("[T]here can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment[.]"); *Thompson v. Lengerich*, 798 F. App'x 204, 212 (10th Cir. 2019) (holding that prolonged lockdowns and increased danger to inmates resulting from a policy of understaffing stated an Eighth Amendment claim).

But to state a viable claim for cruel and unusual punishment, the plaintiff must plead facts satisfying the subjective component as well. The Complaint is devoid of allegations showing that a municipal policy underlay the staffing shortage or the concomitant lockdowns and safety concerns. *See generally*, *Thompson*, 798 F. App'x at 212 (failing to remedy ongoing constitutional violations may show municipality's deliberate indifference); *Bond v. Oklahoma Cnty. Crim. Just. Auth.*, No. CIV-23-05-D, 2023 WL 2878772, at *4 (W.D. Okla. Apr. 10, 2023) (holding the plaintiff stated a viable claim by showing municipality maintained a custom of understaffing and inadequately supervising the jail, was on notice that these deficiencies posed significant risks to inmate safety, and consciously disregarded those risks). Also absent are allegations showing that any of the individual defendants knew of, but remained deliberately indifferent to, the allegedly unconstitutional conditions.

    D.    <u>Plaintiff May File an Amended Complaint.</u>

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to

amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss the case with prejudice.

E. The IFP Motion Shall be Granted.

Plaintiff's financial information reflects he is unable to prepay the $402 filing fee for his prisoner civil rights complaint. (Doc. 2 at 15). The Court will therefore grant Plaintiff leave to proceed *In Forma Pauperis*, which reduces the fee to $350, and allow him to pay in installments. *See* 28 U.S.C. § 1915(b). Based on Plaintiff's inmate account statement, the Court will excuse the initial partial payment. (Doc. 2 at 15). Beginning November 1, 2023, and until the $350 filing fee is paid in full, Plaintiff must make monthly payments of 20% (twenty percent) of the preceding month's income credited to his account each time the amount in his account exceeds $10.00. *See* 28 U.S.C. §1915(b)(2).

**IT IS THEREFORE ORDERED** that:

(1)     Plaintiff's Amended Prisoner Complaint for Violation of Civil Rights filed January 25, 2023. **(Doc. 2)** is **DISMISSED** without prejudice.

(2)     Plaintiff is granted leave to file an amended complaint within **thirty days** of the entry of this Memorandum Opinion and Order.

(3)     The Application to Proceed in District Court Without Prepaying Fees or Costs **(Doc. 3)** is **GRANTED**.

(4)     Beginning November 1, 2023, and until the $350 filing fee is paid in full, Plaintiff must make monthly payments of 20% (twenty percent) of the preceding month's income credited to his account each time the amount in his account exceeds $10.00.

_____
CHIEF UNITED STATES DISTRICT JUDGE