IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL LOPEZ,

    Plaintiff,

v.                                                      No. 22-cv-00975-WJ-LF

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY BERNALILLO COUNTY,
CITY OF ALBUQUERQUE, BERNALILLO
COUNTY METROPOLITANDETENTION
CENTER, LISA MORTON, FKU SAPIEN,
ISAAC MINASES, GARY TRUJILLO, JR.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court following Plaintiff Daniel Lopez's failure to file an amended complaint as directed. Plaintiff is a pretrial detainee at the Bernalillo County Metropolitan Detention Center (MDC). (Doc. 2 at 7). He is proceeding *pro se* and proceeding in forma pauperis. In his Amended Prisoner Complaint for Violation of Civil Rights, filed January 25, 2023. (Doc. 2) (the "Complaint"), Plaintiff claims that the conditions of confinement at MDC violate his rights guaranteed by the First and Eighth Amendments to the United States Constitution. (Doc. 2 at 5).

Specifically, Plaintiff alleges that from mid-July 2022 and continuing through December 30, 2022, when he drafted the Amended Complaint, understaffing at MDC caused him to be locked down in his cell for 72 to 116 hours at a time. (Doc. 2 at 8). During these lockdowns, Plaintiff cannot shower, use the phone, access legal materials, a kiosk, the dayroom, engage in recreation,

or be among the general inmate population. (Doc. 2 at 8). Staff shortages also allegedly put his personal safety at risk because MDC staff is not checking on inmates' safety and welfare. (Id.). He alleges that these conditions have caused him severe mental and emotional distress, PTSD flashbacks, anxiety, depression, suicidal thinking, and dissociative mental states and behavior changes. (Id.). He also alleges that Defendants have not provided him with requested "grievance responses material."

Plaintiff claims that these conditions have led to deprivations of his first Amendment right to free exercise of his religion and his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 2 at 6). As to the latter claim, Plaintiff includes a reference to a medical contractor, though it is not clear from the complaint that a medical contractor is among the defendants or what conduct is attributed to the contractor. Plaintiff sues the City of Albuquerque and the Bernalillo County Board of Commissioners. (Doc. 2 at 4). He sues the Chief of MDC and Gary Trujillo Jr. (E-Unit Captain for MDC) in their individual and official capacities. It appears, but it is not clear, that Plaintiff sues Lisa Morton (MDC law librarian), FKU Sapien (assistant chief of MDC), and Isaac Minases (MDC chaplain) in their individual capacities. (Doc. 2 at 2). He seeks $5 million in damages, half of which he wishes to designate to the resolution of MDC's staffing issues. (Doc. 2 at 8).

By a Memorandum Opinion and Order entered October 6, 2023, the Court screened the original complaint and determined it fails to state a cognizable claim. (Doc. 11) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). Summarized, the Court held that Plaintiff did not state a viable claim against Bernalillo County under the standard set forth in *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978), and

expanded upon in *Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019) and *Connick v. Thompson*, 563 U.S. 51, 61 (2011), which standards were set forth in some detail in the Screening Ruling.

As to Plaintiff's claims might be against City of Albuquerque, the Court explained that the absence of allegations showing the city's alleged involvement in the alleged wrongdoing, the claims must be dismissed. The Court advised Plaintiff that any claims against the City of Albuquerque in an amended complaint would be governed by the *Monell* standards set forth in the Screening Ruling.

The Court dismissed Plaintiff's claims against MDC with prejudice because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity").

The Court dismissed Plaintiff's claims against the individual defendants, Lisa Morton, FKU Sapien, Isaac Minases, or Gary Trujillo, Jr., on the ground that there were no allegations in the Complaint showing what, in particular, any of them allegedly did in violation of Plaintiff's constitutional rights.

Additionally, or in the Alternative, the Court held that Plaintiff's Claims Fail on Substantive Grounds. The Court set forth the standards governing a free exercise claim, as discussed in *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007), and concluded that the claim failed because Plaintiff's Complaint did not include allegations regarding his religious beliefs or whether and how they have been infringed. As to the Eighth Amendment claims, the Court concluded that the Complaint failed to satisfy the subjective component required to state a viable claim. *See Van Curen v. McClain Cnty. Bd. of Cnty. Comm'rs*, 4 F. App'x 554, 556 (10th Cir. 2001) (Although pretrial detainees are protected under the Fourteenth Amendment's Due Process

Clause rather than under the Eighth Amendment's proscription on cruel and unusual punishment, the standards governing claims of cruel and unusual punishment are the same in either context.); *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (establishing the standard for pleading an Eighth Amendment claim).

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the above deficiencies within thirty days. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this case with prejudice. The deadline to comply was November 6, 2023. Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling. The Court will therefore dismiss this action, including the Amended Prisoner Complaint for Violation of Civil Rights, filed January 25, 2023 (Doc. 2) with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff Daniel Lopez's Amended Prisoner Complaint for Violation of Civil Rights, filed January 25, 2023 **(Doc. 2)** is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Court will enter a separate judgment closing the civil case.

_____
CHIEF UNITED STATES DISTRICT JUDGE